IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

Nathan Reardon                           CASE NO: _____

     Petitioner

v.                                       1:21-cv-361-LEW

The United States of America

     Respondent

_____/

**COMPLAINT**
**Under 42 U.S.C. § 1983**
**FOR DECLARATORY AND INJUNCTIVE RELIEF**

1. COMES NOW the Petitioner Nathan Reardon, acting pro se (the "Petitioner"), who files this Complaint against the Respondent, the United States of America, which expression in this filing refers to the agents and/or officers acting under the authority of the US Government in the related case # 1:21-cr-00061-1-LEW ("the Respondents") and further states as follows:

**JURISDICTION AND VENUE**

2. This is an action for declaratory and injunctive relief and damages pursuant to 42 U.S.C. § 1983 based upon the continuing violations of Petitioner's rights under the Second, Fifth and Fourteenth Amendments to the United States Constitution. Jurisdiction exists pursuant to 28 U.S.C. § 1331 and 1343 based on 42 U.S.C.

§1983 and questions of federal constitutional law. Jurisdiction also exists under the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) and 2202. Supplemental jurisdiction over Petitioner's state law claims is pursuant to 28 U.S.C. §1367.

3. Venue is proper in this District in that the events and conduct complained of herein all occurred in this District.

## PRELIMINARY STATEMENT

## THE SECOND AMENDMENT

### A. Fundamental Right

4. The Second Amendment jurisprudence largely continues in its inchoate state today due to the lack of an authoritative interpretation of its meaning. The right to bear arms should be pronounced a fundamental right and fully incorporated through the Fourteenth Amendment, as has already occurred in the case of the First Amendment. The explosion of crime in the last two decades and the ongoing expansion of the powers of the federal government, which result in a gradual usurpation of the traditional domains of state power[1]

5. A central interpretive issue is raised by the question of whether the Second Amendment provides for a fundamental right, regulation of which is subject to stringent constitutional limitations. The Supreme Court has not ruled definitively

---

[1] See, e.g., Randy E. Barnett, Foreword: Guns, Militia and Oklahoma City, 62 TENN. L. REV. 443, 448 (1995) (showing that the scope of regulation by the federal government has expanded dramatically in recent decades), are important reasons necessitating such clarification of the Second Amendment.

on this question so far, although in several cases the Court did indicate that it considered the right to bear arms provided for in the Second Amendment a fundamental right[2].

6. The viability of an interpretation of the Second Amendment as a self-enforceable fundamental right was demonstrated in a dissenting opinion in Quilici v. Village of Morton Grove[3], where Judge Coffey of the Seventh Circuit Court of Appeals viewed the right to bear arms as one of the "basic human freedoms." In Quilici, a gun owner brought an action against a municipality which enacted an ordinance prohibiting possession of handguns within its borders. The majority opinion which found that the ordinance did not infringe upon the rights protected by the Second Amendment, was criticized by one commentator as displaying a "penchant for inaccuracy." [4] The dissent argued that every individual is entitled to self-defense and the protection of "loved ones" and that such right is inherent in the concept of natural law. In addition, Judge Coffey considered the village ordinance invalid because it impermissibly interfered with the individual right to privacy.[5]

B. The Second Amendment as a Guarantee of an individual right

---

[2] See Lewis v. United States, 445 U.S. 55, 66 (1980) (mentioning in dicta that the right to bear arms was fundamental, together with voting, holding a union office or practicing medicine).

[3] Quilici v. Village of Morton Grove, 695 F.2d 261, 271-72 (7th Cir. 1982) (Coffey, J., dissenting), cert. denied, 464 U.S. 863 (1983)

[4] See Robert Dowlut, Federal and State Constitutional Guarantees to Arms, 15 U. DAYTON L. REV. 59, 70 (1989).
[5] Quilici, 695 F.2d at 278.

7. Although the Supreme Court has not definitively ruled that the Second Amendment protects an individual right to bear arms[6] legal academia generally has argued that the individual right approach is consistent with the language of the Second Amendment and its interpretations at the time the Bill of Rights was drafted and debated.[7] Contrasted with the individual right theory is the so-called state right doctrine, which relies on the provisions of Article I, section 8 of the Constitution establishing the power of Congress to call militia and to provide for arming and disciplining of the militia.[8] The proponents of that theory argue that the purpose of the Second Amendment was to guarantee that the federal government would not be able to disarm state militias.[9] Conversely, some early state decisions suggested that the right to bear arms may have been intended only to protect the rights of the states to maintain their military independence from the emerging federal government.[10]

---

[6] See infra Part II.E.

[7] See, e.g., Halbrook, supra note 7, at 170 (the right to bear arms is the right of the people which should be interpreted as an individual right consistently with other provisions of the Constitution referring to the "people" as private citizens); ("[I]t seems tendentious to reject out of hand the argument that one purpose of the [Second] Amendment was to recognize an individual's right to engage in armed self-defense against criminal conduct.").

[8] U.S. CONST. art. I, § 8, cl. 15 sets forth the power of Congress "[t]o provide for calling forth the Militia to execute the laws of the Union, suppress Insurrections and repel Invasions." Art. I, § 8, cl. 16 authorizes Congress "[t]o provide for organizing, arming, and disciplining, the Militia, and for governing such Part of them as may be employed in the service of the United States, reserving to the States respectively, the Appointment of the Officers, and the Authority of training the Militia according to the discipline prescribed by Congress." Incidentally, Congress apparently views the Second Amendment as protecting an individual right. The preamble to the Firearm Owners' Protection Act of 1986 states that "[t]he Congress finds that—(1) the rights of citizens—(A) to keep and bear arms under the Second Amendment to the U.S. Constitution [and Fourth, Fifth, Ninth, and Tenth Amendments] require additional protection." See Pub. L. No. 99-308 (1986).

[9] See, e.g., John Levin, The Right to Bear Arms: The Development of the American Experience, 48 CHI.-KENT L. REV. 148, 155 (1971) (arguing that the Second Amendment manifests the fear of the states of an oppressive federal power); Roy G. Weatherup, Standing Armies and Armed Citizens: An Historical Analysis of the Second Amendment, 2 HASTINGS CONST. L. Q. 961, 984 (1975)

[10] See e.g., United States v. Warin, 530 F.2d 103, 106 (6th Cir.), cert. denied, 426 U.S. 948 (1976) (only states and state militia members have standing to assert the Second Amendment); State v. Buzzard, 4 ARK. 18, 24-25 (1842) (Second Amendment and its state constitutional analogs guarantee the right of the state to organize its own militia).

### C. Second Amendment and Title 42 U.S.C. § 1983

8. The case of *McDonald* held that the Second Amendment right of a person to possess a gun in his home for self-defense, as announced in *District of Columbia v. Heller*, 128 S. Ct. 2783 (2008), is also protected against abridgment by state and local governments. That is, the Due Process Clause of the Fourteenth Amendment incorporates the Second Amendment and applies it to the states and local governments. Consequently, individuals may use section 1983 to bring Second Amendment damages actions against state and local government officials and against local governments themselves (but not states–see *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989)) that enact gun control laws.

### THE PARTIES

**The Petitioner**

9. The Petitioner Nathan Reardon at all times preceding this Complaint is a resident of the State of Maine. The Petitioner Nathan Reardon is a father of 5, inventor, entrepreneur and a disciplined Martial Artist who has owned firearms lawfully since he was 18 years of age (**Tr.14**) Petitioner also has had no issues concerning safety and any misuse of firearms in his lifetime (**Tr. 16.**)

**The Defendant**

10. The Defendant federal government of the United States(, U.S. federal government or U.S. government is the national government of the United States, a federal republic in North America, composed of 50 states, a federal district, five major self-governing territories and several island possessions. The federal government is composed of three distinct branches: legislative, executive, and judicial, whose powers are vested by the U.S. Constitution in the Congress, the president and the federal courts, respectively. The powers and duties of these branches are further defined by acts of Congress, including the creation of executive departments and courts inferior to the Supreme Court. For purposes of this filing the Government actors pertain to Attorney Mr. Lizotte and the Probation Officer as an agent of the State, who endorses the Government's view that the Petitioner should not possess a firearm. **(Tr. 32)**

## FACTUAL ALLEGATIONS

11. The Petitioner herein incorporates the facts and statements in the trial transcript (hereto attached as Exhibit A referenced herein as **"Tr"**) which references the record of the proceedings in the matter styled as *United States of America v Nathan Reardon* 1:21 - cr-00061-1-LEW as true and accurate and asserts the following cause(s) of action.

## FIRST CAUSE OF ACTION

### DEPRIVATION OF A FEDERAL RIGHT -Title 42 U.S.C. § 1983

12. Petitioner realleges and incorporates the allegations set forth in the preceding paragraphs as though fully set forth hereat.

13.     Petitioner asserts that:

Title 42 U.S.C. § 1983 provides in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

14.     Petitioner asserts that the Government's position that Petitioner is unable to possess a firearm because section 922(n) of a Federal Statute presumably precludes it (when in fact it does not (**Tr. 17**) and that further, (according to Attorney Lizotte's testimony) that because Petitioner is presently in bankruptcy proceedings and has claimed to be undergoing stress and anxiety, (**Tr. 9, 10**) that Petitioner should not possess a firearm, is a clear and flagrant deprivation of Petitioner's Constitutional rights to bear arms guaranteed to him under the Second Amendment to the US Constitution.

15.     Petitioner restates that his right to bear arms is both a fundamental and individual right guaranteed to the Petitioner and that the Government, through its counsel, in the within referenced case 1:21 -cr-00061-1-LEW  has endeavored to usurp Petitioner's rights albeit arbitrarily and without adequate due process.

16. Petitioner asks the Court to refer to Attorney Lizotte's statements see **(Tr. 16)** where said Attorney acknowledges and admits that the Petitioner has displayed no prior signs of violence or any past event that would allude to the fact that Petitioner would use a firearm in a harmful manner, if a firearm were granted to him. **(Tr. 16)**

17. Petitioner has been a lawful owner of a firearm since he was eighteen (18) years of age **(Tr. 16)** and owns a collection of six (6) firearms **(Tr. 9)**

18. Petitioner asserts that despite the Attorney Lizotte's acknowledgment of Petitioner not being a threat neither to himself nor the public, that the Government used the fact that Petitioner is a Defendant in a bankruptcy proceeding and undergoing stress and anxiety, **(Tr.9, 10)**. as a false and unconstitutional means to paint Petitioner, as "an enemy of the community" and by extension the State, for lack of a better phrase.

19. Petitioner states that Attorney Lizotte has not formally sought a motion for Court Appointed Evaluator in order to determine whether Petitioner's purportedly being under stress and anxiety is so severe that a firearm in his hand would serve as a reckless and poor decision from the Government, in fact, even without the Government taking this step— the proof is in the pudding since the Petitioner, after his pretrial release did undergo a mental health evaluation conducted by his Probation Officer which findings revealed that the Petitioner had no mental health issues whatsoever that would prove any psychological unfitness on the Petitioner's part to possess a firearm **(Tr. 16)**; rather, Attorney Lizotte, through a misguided application of Petitioner's present situation, of

which any man would be stressed, has in effect assumed the role of psychologist for the Court, which he is not, and also apparently is also a mind reader, or possesses psychic capabilities enabling him to arbitrarily piece together what Petitioner would do if in possession of a firearm, all without adequate due process, and for no justifiable reasons whatsoever.

20. Petitioner finds it highly perplexing that the Probation Officer after identifying no mental issues attributable to Petitioner (**Tr. 16**) is able to switch his testimony to endorse the Government's view at the end of the proceedings on this matter (**Tr. 32**); this undoubtedly has led to a harsh, unconscionable and unconstitutional result experienced by Petitioner.

21. Petitioner states that the switch in his Probation Officer's endorsement, serves only to further deprive Petitioner of his federal right to bear arms, thereby further depriving Petitioner of the right to defend himself and his home from criminal invasion and/or unlawful intrusion.

22. Petitioner asserts and the transcript reflects that even the Bangor Police did in fact provide Petitioner with his firearm back upon his pre trial release, despite the Petitioner being on indictment, (**Tr. 15**), thereby illustrating the non-applicability of federal statute 922(n) as it relates to Petitioner who is not on indictment for a violent crime (**Tr. 17**).

23. Petitioner asserts that the Bangor Police, whom one would reasonably expect to be the more qualified persons to discern Petitioner's mental processes, did in fact provide Petitioner with his firearm back without hesitation, yet the Government's Attorney the lesser person to make such a decision is presently being able to infringe on Petitioner's right to bear arms, based purely on a hunch, without any factual basis for this hunch and all without proper due process in doing so. Petitioner asserts that an actual controversy has arisen here as it is evident that Attorney Lizotte (and the Government itself) is attempting to be both policy and lawmaker and further enforcer over Petitioner's constitutional rights guaranteed unto him by our founding fathers. Petitioner asserts that the Government's position and the Probation Officer's endorsement of the Government's position (**Tr. 32**) violates not only due process but the separation of powers doctrine which is the cornerstone of our democracy.

24. It is for the above stated reasons that the Petitioner files this Title 42 U.S.C. § 1983 action claiming a clear and fragrant deprivation of Petitioner's federal right, to bear arms in self defense, by further depriving him of lawful access to his property in the collection of firearms which Petitioner lawfully owns and possesses.

25. Petitioner in light of the foregoing seeks an Order declaring Petitioner eligible to possess a firearm thereby striking the Government's arbitrary conclusion that he is not eligible and that further, that the Government be prevented through an Order of

Injunction from asserting any further ineligibility issues about the Petitioner's right to possess a firearm using Petitioner's present circumstances as a pretext in order to do so.

## SECOND CAUSE OF ACTION

## RIGHT TO BEAR ARMS; Title 42 U.S.C. §1983

## SECOND AMENDMENT - ART. 1 § 8

26.     Petitioner realleges and incorporates the allegations set forth in the preceding paragraphs as though fully set forth hereat.

27.     The case of *McDonald v Chicago,* 561 US 742 (2010) held that the Second Amendment right of a person to possess a gun in his home for self-defense, as announced in *District of Columbia v. Heller*, 128 S. Ct. 2783 (2008), is also protected against abridgment by state and local governments. That is, the Due Process Clause of the Fourteenth Amendment incorporates the Second Amendment and applies it to the states and local governments. Consequently, individuals may use section 1983 to bring Second Amendment damages actions against state and local government officials and against local governments themselves (but not states–see *Will v. Michigan Dept. of State Police,* 491 U.S. 58 (1989)) that enact gun control laws.

28.     Petitioner in his own defense asserts that this action is not against any particular State in the Union of the United States but rather a Petition against an independent decision formed by a 'government official' who as it appears is single

handedly making up the rules out of said officials own whims and fancies. Petitioner files this action and begs the question as to how the Government is allowed to proceed in this manner against the Petitioner even after acknowledging that Petitioner is neither a threat to himself nor others.

29    Petitioner states that he is legally entitled to proceed in filing for bankruptcy and that further as Americans, we all are oftentimes overcome with stress and anxiety, that's part of being American…and human. Petitioner states that the Government has rather used Petitioner's statements on the record as a tool to undermine his rights as an American, all without affording Petitioner due process in at least a formal psychological court evaluation to determine his mental processes in being worthy to possess a firearm. Even through a pre-trial mental health evaluation, Petitioner's probation officer found no mental issues whatsoever that would lead him or a reasonable law abiding citizen in the community to believe that the Petitioner was not mentally fit to possess a firearm.

30.    Petitioner in light of the foregoing seeks an Order declaring Petitioner eligible to possess a firearm thereby striking the Government's arbitrary conclusion that he is not eligible and that further, that the Government be prevented through an Order of Injunction from asserting any further ineligibility issues about the Petitioner's right to posess a firearm using Petitioner's present circumstances as a pretext in order to do so.

### THIRD CAUSE OF ACTION

...

## RIGHT TO DUE PROCESS OF LAW; Title 42 U.S.C. § 1983

## FIFTH AND FOURTEENTH AMENDMENTS; ART. I, § 7

**31.** Petitioner realleges and incorporates the allegations set forth in the preceding paragraphs as though fully set forth hereat.

32  Petitioner states that the Respondents, their employees and agents, owed Petitioner a duty under the due process clauses of the Fifth and Fourteenth Amendments to the U.S. Constitution and Article I, § 7 of the Maine Constitution to protect the personal property of the Petitioner. This duty applies to preserving the personal property of individuals arrested and taken into custody. Petitioner reminds the Court that the Government's deprivation of Petitioner's firearm is being predicated in a manner that totally violates Petitioner's Second Amendment rights to bear arms, and that further, the fact that Petitioner was not even afforded a fair trial or court evaluation to determine Petitioner's fitness or non fitness to carry a firearm constitutes an infringement of Petitioner's due process rights.

## INJUNCTIVE RELIEF

33  Petitioner realleges and incorporates the allegations set forth in the preceding paragraphs as though fully set forth hereat.

34. A real and immediate difference exists between Petitioner and Respondents regarding Petitioner's rights and Respondents' duty owed to Petitioner to protect Petitioner's personal property in his firearm that lawfully belongs in his possession. Respondents' arbitrary decisions have resulted and will result in severe infringement of Petitioner's constitutional rights. There is no plain, adequate or complete remedy at law to address the wrongs described herein. Respondent has made clear by its arbitrary decision through the transcript record attached that they intend to maintain their position as it relates to withholding Petitioner from possessing his firearm.

35. Respondents' acts alleged above violate established constitutional rights of Petitioner and Respondent could not reasonably have thought that the conduct of their agents and employees in seizing Petitioner's property, without due process was lawful

36. An actual controversy exists between Petitioner and Respondents in that Respondents, their agents and employees, have engaged in the unlawful and unconstitutional acts alleged herein and intend to continue to perpetuate these acts. Petitioner claims that these acts are contrary to law and seek a declaration of his rights with regard to this controversy.

37. As a direct and proximate consequence of the acts of the Respondents' agents, Petitioner has suffered and will continue to suffer damages through the violations of his rights as an American, living in America, a harsh, severe and unfortunate result.

WHEREFORE, Petitioner prays for relief as follows:

38. Petitioner in light of the foregoing seeks an Order declaring Petitioner eligible to possess a firearm thereby striking the Government's arbitrary conclusion that he is not eligible and that further, that the Government be prevented through an Order of Injunction from asserting any further ineligibility issues about the Petitioner's right to possess a firearm using Petitioner's present circumstances as a pretext in order to do so.

39. For costs of suit and attorney fees as provided by law;

## CERTIFICATE OF SERVICE

I Nathan Reardon, Petitioner in the above styled matter do hereby certify that on the ____ day of December 2021 that a copy of this filing was sent to the following Respondent, via certified US Mail

United States Attorney General

Nathan Reardon
Petitioner, Pro se
773 Lower Detroit Rd.
Plymouth, ME 04969