UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| NATHAN REARDON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:21-cv-00361-LEW |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## ORDER ON MOTION FOR DEFAULT JUDGMENT

Plaintiff has moved for default judgment due to Defendant's failure to file an answer to Plaintiff's complaint. *See* Pl.'s Mot. (ECF No. 4). But default judgment is unwarranted here, because the record does not reflect that Plaintiff served Defendant with a summons that complies with the requirements of Federal Rule of Civil Procedure 4. Those requirements include, *inter alia*, that the summons be signed and stamped by the clerk of the court, Fed. R. Civ. P. 4(b), that the summons be "served with a copy of the complaint," Fed. R. Civ. P. 4(c), and that the summons be delivered to both the United States Attorney for the District of Maine and the United States Attorney General, Fed. R. Civ. P. 4(i)(1). *See also* Fed. R. Civ. P. 4(a)(1) (listing required contents of summons). As Plaintiff has not yet served Defendant in a manner that complies with these requirements and Defendant has not waived service, Defendant is not yet "required to take action in" this case and, therefore, is not subject to a default judgment. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).

Plaintiff's Motion for Default Judgment (ECF No. 4) is DENIED WITHOUT PREJUDICE. Plaintiff has until March 17, 2022—ninety days after the Complaint was filed—to serve a sufficient summons on Defendant. *See* Fed. R. Civ. P. 4(m).

**SO ORDERED.**

Dated this 24th day of February, 2022

                                              /s/ Lance E. Walker
                                              UNITED STATES DISTRICT JUDGE