UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| NATHAN REARDON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-00361-LEW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON MOTION TO DISMISS

Plaintiff, Nathan Reardon, brings suit against the United States, alleging that the federal government violated his constitutional rights by imposing a bail condition that forbids him from possessing firearms. The United States now moves to dismiss, arguing that this Court lacks subject matter jurisdiction over the case and that Reardon has failed to state a claim upon which relief can be granted. Because I agree that jurisdiction is lacking, I grant the government's motion.

### BACKGROUND

This civil action stems from Reardon's ongoing criminal case involving multiple counts of fraud. *See United States v. Reardon*, No. 1:21-cr-00061-LEW (D. Me. filed Apr. 8, 2021). Though Reardon is presently incarcerated, he was initially released pending trial. The United States Attorney for the District of Maine requested that, as a condition of pre-trial release, Reardon be prohibited from possessing any firearms, based in part on a 2005 police report indicating that an enraged Reardon had pointed a loaded gun at another driver.

After a hearing, the magistrate judge imposed the requested condition, which order I ultimately affirmed.

Reardon, understandably irked by this restriction, filed the instant civil case against the federal government, seeking declaratory and injunctive relief permitting him to possess a firearm. Reardon argues that the bail condition forbidding him from possessing a firearm violates his right to bear arms protected by the Second Amendment to the U.S. Constitution and deprives him of property without due process of law. Though Reardon refers to Assistant United States Attorney Andrew Lizotte by name in his complaint, he only names the United States as a defendant in this action.

## DISCUSSION

"It is elementary that the United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (cleaned up). In other words, this Court lacks jurisdiction to hear cases against the United States unless the federal government has "unequivocally" waived its immunity as to the issue at bar. *Maine Cmty. Health Options v. United States*, 140 S. Ct. 1308, 1327 (2020).

Because no waiver of sovereign immunity applies to Reardon's claims, this case must be dismissed. Reardon cannot rely on 42 U.S.C. § 1983, because that provision only applies to *state* officials, not federal officials like Lizotte. *See Chatman v. Hernandez*, 805 F.2d 453, 455 (1st Cir. 1986) (per curiam). And while the federal courts have recognized an analogous cause of action against federal officials in *Bivens* and its progeny, those cases are unavailing because "*Bivens* does not encompass injunctive and declaratory relief

where, as here, the equitable relief sought requires official government action." *Solida v. McKelvey*, 820 F.3d 1090, 1093 (9th Cir. 2016). *Accord Higazy v. Templeton*, 505 F.3d 161, 169 (2d Cir. 2007). Reardon is also unable to rely on the Federal Tort Claims Act ("FTCA") for his suit against the United States—relief under the FTCA is similarly limited to monetary damages, *see Hatahley v. United States*, 351 U.S. 173, 182 (1956), and in any event Reardon has not properly exhausted his administrative remedies as required by the FTCA, *see* 28 U.S.C. § 2675.

This is not to suggest that Reardon is without recourse for the alleged deprivations of his rights; he simply chose the wrong recourse. The gravamen of Reardon's complaint is that the United States lacked a sufficient basis to bar him from possessing firearms. But the proper way for a pretrial releasee to challenge the conditions of his release is by directly appealing the order imposing those conditions—not by collaterally attacking the conditions in a civil suit for alleged constitutional violations. *Cf. Heck v. Humphrey*, 512 U.S. 477, 489 (1994) (holding that a plaintiff may not bring a civil action challenging aspects of a criminal proceeding against him while that criminal proceeding is ongoing).

Accordingly, the United States' motion is GRANTED and this case is DISMISSED.

**SO ORDERED.**

Dated this 27th day of June, 2022.

                                       /s/ Lance E. Walker
                                    UNITED STATES DISTRICT JUDGE